UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD BONOMO, MICHELE HERNANDEZ and MONA PIRES,

Plaintiffs,

v.

FACTORY MUTUAL INSURANCE COMPANY, aka FM GLOBAL,

Defendant.

Civil Action No. 1:21-cv-11750-IT

MEMORANDUM & ORDER

June 9, 2023

TALWANI, D.J.

Pending before the court is Defendant Factory Mutual Insurance Company's ("FM Global") Motion to (1) Deem Request for Admissions Admitted; (2) Order Appropriate Discovery Sanctions; and (3) Foreclose Further Discovery or Modification to Scheduling Order ("FM Global's Motion") [Doc. No. 24], Plaintiffs Richard Bonomo, Michele Hernandez, and Mona Pires's Motion to Compel ("Plaintiffs' Motion to Compel") [Doc. No. 27], and Plaintiffs' Motion to Reopen Discovery For Limited Discovery and Extend Time for Plaintiffs' Responses and Answers ("Plaintiffs' Motion for Additional Discovery") [Doc. No. 36]. For the reasons set forth below, the motions are GRANTED IN PART and DENIED IN PART and Plaintiffs Michele Hernandez and Mona Pires shall show cause no later than June 23, 2023, as to why they should not be dismissed from the action for failing to respond to discovery. Plaintiffs are also ordered to pay Defendants nominal fees of $500.

## I. Background

Per the court's initial February 15, 2022 Scheduling Order [Doc. No. 15], initial disclosures were to be completed by March 4, 2022; requests for production of documents and interrogatories, and requests for admission were to be served no later than April 29, 2022; and depositions and all discovery were to be completed by July 1, 2022.[1]

On February 28, 2022, Bonomo provided FM Global with Plaintiffs' "Automatic Discovery" of the "substantive[,] non-privileged documents" in his possession. Pls.' Opp'n to Defs. Mot. 2 [Doc. No. 35]. Plaintiffs then served FM Global with their initial disclosures as required by Fed. R. Civ. P. 26 on March 4, 2022. Id. at 6.

On April 29, 2022, FM Global served Bonomo, Hernandez and Pires with its (i) First Set of Interrogatories; (ii) First Set of Request for Admissions; and (iii) First Set of Request for Production of Documents. Decl. of Jonathan C. Hatfield ("Hatfield Decl.") ¶ 3 [Doc. No. 26]. That same day, Plaintiffs served their First Request for Production of Documents on FM Global. Plaintiffs' Motion to Compel 4 [Doc. No. 27].

FM Global provided timely responses (including objections and some production of documents) on May 31, 2022. Id. Plaintiffs did not timely respond to FM Global's discovery.

On June 6, 2022, Plaintiffs served FM Global with eight notices of depositions, including a 30(b)(6) deposition. Id.

On June 13, 2022, the parties conducted a meet and confer video conference to discuss the status of discovery. That day, Plaintiffs' counsel stated that he believed that "plaintiffs will

---

[1] The schedule also included a deadline for filing dispositive motions, which the court has since stayed. See Clerk's Notes [Doc. No. 37].

be able to provide responses to defendant's discovery by the end of this week, June 17." Hatfield Decl. ¶ 9 [Doc. No. 26].

On June 17, 2022, the parties conducted a meet and confer call to discuss pending discovery. Id. at ¶ 10. On June 21, 2022, the parties filed a Joint Motion to Amend Scheduling Order [Doc. No. 16] requesting in part a 45-day extension of the deadline for fact discovery and depositions to August 15, 2022. The joint motion reported that the "[p]arties have exchanged initial disclosures, document production, and written discovery, and Plaintiffs have noticed eight depositions. Plaintiffs' responses to Defendant's written discovery remain outstanding, and the parties are actively meeting and conferring with respect to documents produced in response to Plaintiffs' Request for Production of documents." Id. at ¶ 3. The court granted the joint motion for an extension. See Elec. Order [Doc. No. 17].

On or about August 3, 2022, following further correspondence between counsel, Plaintiffs' counsel sent an email to FM Global stating in part, "Also in the next day (or by Friday) we will provide you plaintiffs' responses to your requests for admission; interrogatories and also the formal responses (though we have provided you the relevant nonprivileged documents in response already [and Bates stamped same])." Hatfield Decl. ¶ 11 [Doc. No. 26].[2]

On or about August 5, 2022, the parties held a meet and confer teleconference to discuss discovery, during which Plaintiffs' counsel again committed to producing responses to written discovery shortly. Id. at ¶ 12. That same day, FM Global sent a written meet and confer letter requesting that Plaintiffs "[p]lease provide these responses . . . so Defendant has time to

[2] The reference to production of "relevant non-privileged documents" referred to documents produced with Plaintiffs' Initial Disclosures. Hatfield Decl. ¶ 11 [Doc. No. 26].

adequately review and, if necessary, meet and confer prior [to] the current close of discovery." Id.

On August 8, 2022, Plaintiffs' counsel served Bonomo's signed response to FM Global's First Set of Request for Admissions. Bonomo's Resp. to Def's. First Req. for Admissions [Doc. No. 26-10]. In the email message provided with service of Bonomo's response, Plaintiffs' counsel stated responses from the other plaintiffs will be provided to FM Global "shortly" and acknowledged receipt of the August 5, 2022, letter "describing some of your concerns on discovery." Hatfield Decl. ¶ 13 [Doc. No. 26].

On August 9 and 10, 2022, the parties held further meet and confer calls, where they discussed, among other discovery topics, the overdue discovery responses. Id. at ¶ 14.

On August 12, 2022, the parties filed a second Joint Motion to Amend Scheduling Order [Doc. No. 19] requesting in part an extension of the close of fact discovery deadline by another 60 days, from August 15, 2022, to October 14, 2022. The joint motion reported that "the parties have worked in good faith to resolve remaining discovery disputes" and that "[b]eyond certain written discovery instruments to Plaintiffs, to which responses remain[] pending, the parties have largely narrowed their dispute to a singular core issue: the scope of ERISA-based litigation discovery and its relationship to production of certain documents, information, and testimony (through deposition) by party-affiliated witnesses." Joint Motion to Amend Scheduling Order ¶ 2 [Doc. No. 19]. The court granted the joint motion.

On August 17, 19, and 23, 2022, "the parties held further meet and confer calls, where the parties discussed, among other discovery topics, [Plaintiffs'] overdue discovery responses." Hatfield Decl. ¶ 14 [Doc. No. 26].

On August 24, 2022, the parties filed a Joint Statement in Support of Request for Telephonic Discovery Conference [Doc. No. 21] identifying the dispute as the permissible scope of discovery in "an ERISA litigation action arising out of a denial of severance benefits" to Plaintiffs. Id. at 1.

On August 26, 2022, Plaintiffs' counsel served Plaintiffs' Second Amended Request for Production to FM Global. Pls.' Second Am. Request for Production [Doc. No. 28-2].

On September 23, 2022, the parties held "another meet and confer call to discuss discovery, during which Plaintiffs' counsel again committed to providing written discovery responses without delay." Hatfield Decl. ¶ 15 [Doc. No. 26].

On October 6, 2022, Plaintiffs' counsel submitted "an unsigned draft of [] Bonomo's proposed response to FM Global's First Set of Interrogatories, with an accompanying email message stating Plaintiff's counsel was 'awaiting signature page and final approval from Mr. Bonomo,' and stating that they 'will provide the other two answers to [] Hernandez and Pires shortly.'" Id. at ¶ 15.

On October 14, 2022, the amended deadline for the close of fact discovery, FM Global sent a letter to Plaintiffs' counsel titled "Pending Discovery Issues as of the Close of Fact Discovery." Id. at ¶ 16. The letter warned Plaintiffs that "[w]ith discovery now closed, . . . FM Global reserves all rights to seek appropriate remedies for Plaintiffs' failure to participate in discovery," and listing seven categories of sanctions (but not mentioning attorneys' fees) and noting further that "FM Global will object to any effort by Plaintiffs to obtain additional discovery in this matter in light of Plaintiffs' failure to participate in discovery." Id.

On October 18, 2022, Bonomo served signed Answers to Interrogatories. Bonomo's Answers to Def.'s First Set of Interrogs. [Doc. No. 26-13].

That same day, FM Global filed the pending Motion [Doc. No. 24] requesting that the court deem FM Global's requests for admissions admitted, order certain discovery sanctions, and foreclose further discovery or modification to the scheduling order.

Plaintiffs' counsel served Pires's Answers to Interrogatories and Responses to Request for Admission on October 21, 2022, and Hernandez's Answers to Interrogatories and Responses to Request for Admission on October 25, 2022. Hatfield Supp. Decl. ¶¶ 4.a-g. [Doc. No. 44]. The four documents were signed by counsel as to objections, but were not signed by Pires or Hernandez. See Exs. 14-17 [Doc. Nos. 44-1 to 44-4].

On October 25, 2022, Plaintiffs' counsel also served Bonomo, Pires, and Hernandez's responses to Requests for Production. Id. at ¶¶ 4.e-g. The responses included objections to each request and stated as to some requests that the responsive documents had already been produced. See Ex 18-20 [Doc. Nos. 44-5 to 44-7]. Also, that same day, Plaintiffs filed their Motion to Compel Production of Documents [Doc. No. 27].

On October 31, 2022, Plaintiffs filed their Motion to Reopen Discovery for Limited Discovery and Extend Time for Plaintiffs' Responses and Answers [Doc. No. 36].

## II. Discussion

### A. *FM Global's Motion*

FM Global requests that in light of Plaintiffs' failure to provide timely responses, (i) the April 29, 2022 Requests for Admission served by FM Global upon Bonomo, Hernandez, and Pires be deemed admitted; (ii) Plaintiffs' objections to FM Global's Request for Production, Request for Admissions, and Interrogatories be considered waived; (iii) sanctions be imposed upon Plaintiffs by barring Plaintiffs from introducing evidence implicating certain topics in FM Global's discovery requests; and (iv) the court issue monetary sanctions against Plaintiffs, jointly

and severally, to compensate FM Global for the time spent preparing FM Global's Motion [Doc. No. 24] and its supporting documents. See Def.'s Proposed Order [Doc. No. 24-1].[3] Plaintiffs oppose the motion. Pls.' Opp'n to Def's. Mot. [Doc. No. 35].

1. FM Global's Requests for Admission

Under Rule 36 of the Federal Rules of Civil Procedure "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Plaintiffs contend that as of October 31, 2022, "all written discovery from all three plaintiffs has been served." Opp'n 1 [Doc. No. 35]. But Plaintiffs' responses to FM Global's April 29, 2022, Requests for Admissions were due by May 29, 2022. Plaintiffs neither requested an extension from FM Global nor sought enlargement of the time from the court as to the deadline by which they needed to respond, and do not provide a justification for their delay. Moreover, Pires and Hernandez's responses remain unsigned.

Accordingly, FM Global's Requests for Admission as to Plaintiffs are deemed admitted per Rule 36(a)(3).

[3] The court addresses FM Global's further request that no extension to fact discovery be granted in connection with Plaintiffs' Motion [Doc. No. 36], which requests that their time to respond to FM Global's discovery be extended to October 25, 2022. Pls.' Mot. 1-2 [Doc. No. 36].

2. FM Global's Request for Production and Interrogatories

FM Global requests that the court finds that any objections made by Plaintiffs in response to FM Global's Request for Production and Interrogatories are waived by Plaintiffs' failure to serve objections within the time provided by Federal Rule of Civil Procedure 33 and 34(b). Mem. in Supp. 10 [Doc. No. 25].

Under Rule 33, a party must respond to a properly served interrogatory within 30 days of being served and, to the extent the responding party objects, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"While Rule 34, pertaining to requests for production, does not contain the same language, the Advisory Committee Notes mention that the procedures in Rule 34 are the same as Rule 33." Wagner v. St. Paul Fire & Marine Ins. Co., 238 F.R.D. 418, 423 (N.D. W.Va. 2006) (citing Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 303 (D. Kan. 1996)). "Waiver from the failure to timely object under Rule 34 has been called 'well settled.'" Id.; see also Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) ("If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections" under Rule 34); Hamelin v. Kinder Morgan, Inc., 2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022) ("Pursuant to Federal Rules of Civil Procedure 33(b)(4) and 34(b), a party's failure timely to object to discovery requests may be deemed a waiver of any objections to those requests.").

Absent their contention that Defendant was not prejudiced by Plaintiffs' delayed formal response to the requests, Plaintiffs do not provide a reason as to why untimely objections should

not be waived. Moreover, Plaintiffs repeatedly assured Defendant that the formal responses to Defendant's requests were forthcoming shortly and did not provide them.

Accordingly, the court finds that Plaintiffs have waived objections by failing to timely respond to Defendant's requests under Federal Rules of Civil Procedure 33 and 34, and as repeatedly promised by Plaintiffs.

3. Sanctions

Under Rule 37 of the Federal Rules of Civil Procedure, a court "may, on motion, order sanctions if: . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)," Fed. R. Civ. P. 37(d)(3), which are: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination," Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The First Circuit has "long recognized that the decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court." Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 6 (1st Cir. 2005) (quotation omitted). "When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to

fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

In response to Plaintiffs' failure to serve responses to Interrogatories and Requests for Production prior to the close of fact discovery, Defendant seeks an order prohibiting any introduction of information adverse to FM Global's position with respect to four topics implicated in the unanswered discovery requests. Mem. in Supp. 7 [Doc. No. 25]. Specifically, Defendant requests that Plaintiffs be prohibited from: (i) introducing discussions with, information gleaned from, or documents received from any former or current FM employee alleged to be a "comparator"; (ii) introducing any evidence of negative or adverse material changes to their employment status or job responsibilities following the merger between Chadwick and City of Boston Credit Union; and (iii) introducing any fact, witness, or document requested within FM Global's Interrogatories and RFPs but not disclosed by Plaintiffs in response prior to the close of discovery. Id. at 7-9. Defendant requests further that Plaintiffs be prohibited from recovering any discretionary damages or compensatory damages, including loss of income, benefits, interest, and attorney's fees, not disclosed in response to FM Global's discovery requests;

Plaintiffs generally contend that Defendant's "proposed relief . . . is not proportional or reasonable to the limited harm to defendant" where the information Plaintiffs provided in the early stages of discovery "has not essentially changed." Pls.' Opp'n to Def.s' Mot. 1 [Doc. No. 35]. Plaintiffs contend that they provided all substantive non-privileged documents relevant to this matter, including corporate, ERISA, and comparator records, that are in their possession in the automatic discovery production on February 29, 2022, and FM Global (as the ERISA Plan administrator and employer) possesses the information on the comparators. Id. at 2. Focusing on

information related to the comparators, Plaintiffs contend that Defendants cannot show prejudice from the delay where Plaintiffs' Rule 26 Initial Disclosures filed on March 4, 2022, provided three of the four names of comparator individuals that Plaintiffs refer to in their answers to interrogatories and identified two of the three comparator groups of FM Global employees (cafeteria workers and cleaners), with the third comparator group (information technology professionals) identified in Plaintiffs' First Request for Production of Documents to Defendants served on April 29, 2022. Id. at 1-2. Plaintiffs further contend that FM Global, as the ERISA Plan administrator, has possession of the information on comparators and thus has not been significantly harmed as it already has all of the documents. Id. at 2.

FM Global responds that prejudice exists where it has "expend[ed] time and resources addressing Plaintiffs' discovery deficiencies," "failure to engage in discovery has a material impact on the opponent's own case analysis and preparation," and "failure to cooperate in discovery has the impact of hinder[ing] the [c]ourt's ability to manage its docket and is unfairly prejudicial to [FM Global who] has made every effort to comply with the [c]ourt's case management orders." Def.'s Reply 7, 8 [Doc. No. 43] (internal quotation marks omitted).

The court agrees with FM Global that Plaintiffs' failure to engage in timely discovery under the Federal Rules of Civil Procedure and the court's scheduling order resulted in additional resources expended and unnecessary delay, including the stay of the deadline to file dispositive motions. Furthermore, prejudice is not the only consideration where "[s]anctions are proper both to punish an offender and to deter others from engaging in comparable misconduct." Red Wolf Energy Trading, LLC v. Bia Cap. Mgmt., LLC, 2022 WL 4112081, at *18 (D. Mass. Sept. 8, 2022). Thus, in addition to "prejudice to the other party and the operation[] of the court," courts focus on "the severity of the discovery violations, legitimacy of the party's excuse for failing to

comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, . . . and adequacy of lesser sanctions." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015). "On the procedural side," a relevant consideration is "whether the [] court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty." Id.

The three Plaintiffs are not similarly situated. While Bonomo has responded belatedly, Pires and Hernandez have failed to participate in discovery entirely. The failure to participate altogether is the most severe of discovery violations, and Plaintiffs have provided no excuse for failing to comply. While Defendant has not sought their dismissal, the court sees no basis on this record to allow them to proceed with this action. Accordingly, Plaintiffs Pires and Hernandez shall show cause, no later than June 23, 2023, as to why they should not be dismissed from this action for failing to participate in discovery. Any claim that dismissal is not appropriate shall be supported by signed affidavit(s).

Bonomo, in contrast, has participated, albeit with considerable delay. Nonetheless, in light of the considerations listed above, the court finds that the sanctions sought by FM Global as to Bonomo are too great where the information in his possession that has not been disclosed in his initial disclosures is likely not material and, if it is, barring him from introducing it is a sufficient sanction. Accordingly, Bonomo is prohibited from introducing evidence not already disclosed under Plaintiffs' February 28, 2022, automatic discovery production and March 4, 2022, Rule 26 initial disclosures to FM Global (except as to any new evidence obtained from FM Global).[4]

---

[4] The same limitation will apply to Pires and Hernandez if they are not dismissed from this action.

FM Global further requests that the court issue monetary sanctions against Plaintiffs, jointly and severally, to compensate FM Global for the time spent preparing its Motion [Doc. No. 24] and the supporting documents. Mem. in Supp. 10 [Doc. No. 25]. Under Rule 37, "[i]nstead of or in addition to these sanctions [detailed above], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiffs have not shown that the failure was substantially justified. However, in light of the lengthy negotiations between parties, the representation to the court that the only substantial dispute was a singular core issue, namely, the scope of ERISA-based litigation discovery and not Plaintiffs' failure to participate in discovery, the other discovery sanctions the court is imposing, and the absence of any mention of attorney's fees among the sanctions that FM Global would be seeking in the Rule 7.1 letter, the court orders Plaintiffs to pay Defendant only nominal fees of $500.

B. *Plaintiffs' Motion to Compel*

Plaintiffs' Motion to Compel [Doc. No. 27] seeks to compel production of (1) documents showing the list of persons in the relevant time period who were paid or denied severance under the ERISA plan and documents for comparators who worked for FM Global and then took a position with a non-FM Global entity; (2) comparator documents for IT employees, cafeteria workers, and cleaning staff regarding payroll, ERISA records, and who was or was not paid severance; and (3) specific documents regarding each comparator who was paid or denied severance under the ERISA plan, including Plaintiffs. Pl's. Mot. to Compel 5-6 [Doc. No. 27].

"Among its panoply of remedial devices for plan participants, ERISA provides for suits to enforce rights conferred under the terms of an ERISA-regulated plan" and "[s]uits for the

recovery of benefits come within the ambit of this provision." Denmark v. Liberty Life Assur. Co. of Bos., 566 F.3d 1, 5 (1st Cir. 2009); see 29 U.S.C. § 1132(a)(1)(B). Discovery in ERISA benefit denial cases such as this one is typically limited to the record compiled before the plan administrator. Denmark, 566 F.3d at 10. "Because full-blown discovery would reconfigure that record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases." Id.

Targeted discovery may be appropriate in situations "where a plan administrator is responsible for both evaluating and paying benefit claims." Nicholas v. Cigna Life Ins. Co. of N.Y., 2016 WL 755612, at *2 (D. Mass. Feb. 25, 2016). Where such a structural conflict may exist, the "reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend on the circumstances of the particular case." Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008). In Denmark, the First Circuit held that limited discovery may be necessary to determine "whether a structural conflict has morphed into an actual conflict." 566 F.3d at 10. But conflict-oriented discovery is only necessary "to the extent that there are gaps in the administrative record" and "any such discovery . . . must be narrowly tailored so as to leave the substantive record essentially undisturbed." Id.

To be entitled to supplemental discovery, a plaintiff must "make[] a threshold showing that the denial of benefits was improperly influenced by the administrator's conflict of interest." McGahey v. Harvard Univ. Flexible Benefits Plan, 2009 WL 799464, at *2 (D. Mass. Mar. 25, 2009). Mere allegations of structural conflict are not sufficient to mandate supplemented discovery. Id. at *2, *3 (denying discovery where court found that plaintiff's argument that additional proof was needed to determine a conflict of interest "assumes its own conclusion");

see also Semedo v. Bos. Bldg. Serv. Emps. Tr. Fund Long Term Disability Plan, 2013 WL 3805130, at *2-*3 (D. Mass. Jul. 19, 2013) (denying request for supplemental discovery based on general allegation that Aetna could not be impartial because it had a pecuniary interest in the final determination).

Here, Plaintiffs allege that "[b]ecause FM Global is both the administrator and the company employer that will be charged for paying severance" this creates a "conflict of interest" that should be a factor in granting additional discovery. Pls.' Mot. To Compel 16 [Doc. No. 27]. They further allege that disparate treatment of employees in the same situation, if proved, would likely reflect a benefits decision that was arbitrary, capricious, or an abuse of discretion and that basic facts known to FM Global could, if revealed, "show a history of biased claims administration." Id. at 16, 17. The question is whether these claims go beyond mere allegations to make out a "threshold showing" that the denial of benefits was improperly influenced by the conflict of interest or record of bias. McGahey, 2009 WL 799464, at *2. The court finds that they do not.

Plaintiffs' suggestion that certain facts, if divulged during discovery, would show that they were improperly denied benefits is not sufficient to "overcome the strong presumption that the record on review [of an ERISA benefits action] is limited to the record before the administrator." Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003). As in McGahey, Plaintiffs' contention that additional discovery is needed to show that there was a conflict of interest or disparate treatment of beneficiaries assumes its own conclusion. Instead, Plaintiffs must point to something in the administrative record which establishes a "very good reason" for supplementing discovery, such as a colorable claim of bias on the part of the plan administrator. Tracia v. Liberty Life Assur. Co. of Bos., 2014 WL 6485873, at *2 (D. Mass.

Nov. 19, 2014). Plaintiffs do not dispute that comparator information was never sought or considered during the administrative process, see Opp'n to Mot. to Compel 6 [Doc. No. 38], and Plaintiffs have not demonstrated that they are entitled to supplement the record with that information now. Consequently, Plaintiffs' Motion to Compel Production of Documents is DENIED.

The court notes, however, that in its Opposition to Plaintiffs' Motion to Compel, despite its objections to Plaintiffs' discovery requests as beyond the scope of what is permitted in ERISA benefits denial litigation, Defendant represented to the court that it produced the documents it possessed in a good faith effort to resolve the dispute. Opp'n to Mot. to Compel 1-2 [Doc. No. 38]. Defendant asserts that it "searched for and produced documents and records within its possession" regarding "the nature and basis of FM Global's decisions to pay or not pay severance to . . . cafeteria workers and cleaning staff employees." Id. at 3-4. Defendants also describe the relevant comparator categories as "dining, cleaning, and cafeteria workers." Id. at 6. But the three categories of comparators identified by Plaintiffs are cafeteria workers, cleaning staff employees, *and IT employees*—not dining workers. Pls.' Mot. to Compel 2 [Doc. No. 27]. The court strongly encourages Defendant to voluntarily produce any document in its possession related to IT workers impacted by the same transaction as Plaintiffs, as it did with cafeteria and cleaning employees.

C. *Plaintiffs' Motion for Additional Discovery*

Plaintiffs' Motion [Doc. No. 36] seeks to reopen discovery to conduct four depositions, including a Rule 30(b)(6) deposition, and to serve five requests for admissions. Plaintiffs contend that additional time is needed because the discovery was delayed by the dispute over documents.

"Rule 16(b) requires that the district court enter a scheduling order setting certain deadlines, . . . [s]ee Fed. R. Civ. P. 16(b)(1). Those deadlines may be modified 'only for good cause and with the judge's consent.' Fed. R. Civ. P. 16(b)(4)." Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013). Consistent with Rule 16(b), the procedural provisions set forth in the original scheduling order in part state that "[m]otions to extend or modify deadlines will be granted only for good cause shown." Original Sched. Order 2 [Doc. No. 15]. "Rule 16's 'good cause' standard 'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Somascan, 714 F.3d at 64 (quoting Flores–Silva v. McClintock–Hernández, 710 F.3d 1, 3 (1st Cir. 2013)).

On June 22, 2022, the court granted the parties' first request to extend deadlines for fact discovery and depositions by 45 days. See Elec. Order [Doc. No. 17]. On August 12, 2022, the court again granted the parties' second joint request to extend the deadlines for all fact discovery by 60 days. See Elec. Order [Doc. No. 19]. Here, Plaintiffs have "failed to offer any persuasive explanation for [their] failure to complete discovery within the previously established time frame." Vineberg v. Bissonnette, 548 F.3d 50, 55 (1st Cir. 2008).

Another consideration is "whether further discovery is likely to lead anywhere productive." United States v. Sayer, 450 F.3d 82, 90 (1st Cir. 2006). As discussed, Plaintiffs have failed to make a threshold demonstration that they are entitled to any of the discovery they seek. Consequently, Plaintiffs' request to reopen discovery is DENIED.

## III. Conclusion

For the foregoing reasons, Defendant's Motion to (1) Deem Request for Admissions Admitted; (2) Order Appropriate Discovery Sanctions; and (3) Foreclose Further Discovery or Modification to Scheduling Order ("FM Global's Motion") [Doc. No. 24] is GRANTED IN

PART and DENIED IN PART and Plaintiffs' Motion to Compel [Doc. No. 27] and Motion to Reopen Discovery For Limited Discovery and Extend Time for Plaintiffs' Responses and Answers [Doc. No. 36] are DENIED.

IT IS SO ORDERED.

June 9, 2023

/s/ Indira Talwani
United States District Judge